UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORRAINE M. CAISSE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 303CV0443(MRK) |
| v. | : | |
| | : | |
| DAY KIMBALL HOSPITAL, | : | |
| | : | March 2, 2004 |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between the undersigned parties to this action that the following restrictions and procedures shall apply to defendant's response to certain of plaintiff's requests for production of documents.

1.  Defendant may mark certain documents "CONFIDENTIAL" if either (a) the documents are contained in an employee's "personnel file" as that term is defined in Connecticut General Statutes section 31-128 et seq. or (b) defendant otherwise has a good faith basis for concluding that such documents should be held confidential.

2.  Unless otherwise ordered by the Court, the responses and documents obtained will be held by the plaintiff solely for use in connection with the above-captioned action.

3. The data contained in the response shall not be disclosed to any person except:

    (a) The individual plaintiff.

    (b) Counsel (and counsel's staff) for the plaintiff.

    (c) Counsel (and counsel's staff) for the defendant.

    (d) Any other person with the consent of counsel for plaintiff and defendant.

4. Prior to plaintiff or plaintiff's counsel displaying the responses to any person, or relaying the information contained in those responses to any person, including any person described in the above categories, the plaintiff's counsel shall apprise that person of the confidential nature of the data and apprise that person that this court is enjoining the use of that data by her/him for any purpose other than this litigation and has enjoined the disclosure of that data to any other person.

5. If the plaintiff, after review of the documents and information contained therein, believes such documents and/or information are necessary for any motion, disclosure or other use in connection with this litigation that would subject the documents or the information in those documents to be put into the public domain, as would be the case with a filing in connection with a motion in court or use at trial, plaintiff's counsel shall contact defendant's counsel to discuss such disclosure, and shall give defendant's counsel a reasonable opportunity to move that such material be filed under seal with the Court. Should such a motion be made, plaintiff's counsel agrees that, while such motion is pending, he shall not file such material with the Court.

-3-

6.    The parties agree that should either of them believe that matters discussed in a deposition are confidential, either party may, at the deposition or within ten (10) days following the receipt of the transcript of the deposition, designate portions of the deposition testimony as "CONFIDENTIAL". Such testimony shall be treated as other confidential material under this Stipulated Protective Order.

7.    The foregoing is entirely without prejudice to the right of any party to apply to the court for any further protective order relating to confidential documents or information; or to object to the production of documents; or to apply to the court for an order compelling production of documents; or for modification of this order.

8.    The parties agree that upon execution of this Stipulated Protective Order it shall be binding on the parties as a contract.

THE PLAINTIFF
LORRAINE CAISSE

By /s/ Jacques Parenteau
   Jacques Parenteau - ct09771

Madsen, Prestley & Parenteau
111 Huntington Street
P.O. Box 1631
New London, CT 06320
Tel. No. 860-442-2466
Fax No. 860-447-9206
jparenteau@mpjustice.com
Her attorney

THE DEFENDANT
DAY KIMBALL HOSPITAL


By /s/ Scott E. Schaffer
   Hugh F. Murray, III - ct11418
   Scott E. Schaffer - ct25325

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, CT 06103-3469
Tel. No. (860) 240-6000
Fax No. (860) 240-6150
hmurray@murthalaw.com
sschaffer@murthalaw.com
Its Attorneys

714917