UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORRAINE M. CAISSE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 303CV0443 (MRK) |
| v. | : | |
| | : | |
| DAY KIMBALL HOSPITAL, | : | |
| | : | March 19, 2004 |
| Defendant. | : | |

DEFENDANT'S MEMORANDUM OF LAW IN OBJECTION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT

A year after litigation in this case began and after discovery has been closed, the plaintiff in this case seeks to reassert state law claims she removed from her complaint almost ten months ago. Adding such extra counts would necessitate additional depositions and inject new issues into the lawsuit, delaying the claim. There is no legitimate excuse for the plaintiff having delayed so long.

Plaintiff originally filed her complaint on or about March 11, 2003. The original complaint contained four counts, two under the Age Discrimination in Employment Act of 1967, 29 U.S.C. sections 621 et seq. ("ADEA"), and two under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. section 46a-60 et seq. ("CFEPA"). On May 22, 2003, defendant filed a Motion to

Dismiss plaintiff's two CFEPA counts because plaintiff failed to obtain a release of jurisdiction from CHRO.  In response, plaintiff filed an Amended Complaint on May 27, 2003 that withdrew her CFEPA claims, leaving only the two ADEA claims in dispute.  On June 23, 2003, the parties filed their joint Form 26(f) report that stated "the parties agree that the Amended Complaint resolves the issues raised by the Motion to Dismiss, that the Motion is now moot and that Defendant will file its Answer." (Form 26(f) Report, ¶ V.D.1.).

At the time plaintiff filed her Amended Complaint on May 27, 2003, her CHRO charge had been pending since October 2, 2002; more than 210 days.  As a result, she could have obtained a release of jurisdiction from CHRO and added back her CFEPA counts in her Amended Complaint.  Alternatively, she could have added those counts by seeking permission of the Court while the case was in the early stages of discovery.

The proposed amendment to the complaint is not, as the plaintiff contends, merely cosmetic.  Under the ADEA, the damages are limited to lost wages, liquidated damages for willful violations in an amount equal to lost wages, and equitable relief.  See e.g., Collier v. Conn. Dept. of Public Safety, CV 9680659, 1999 Conn. Super LEXIS 1147 at *12 (Conn. Super. Ct. 1999) (noting that ADEA damages are limited to pecuniary loss, and liquidated damages in an amount equal to the pecuniary loss where a willful violation is found). (Ex. A). Arguably, the

Connecticut Fair Employment Practices Act provides different remedies, including damages resulting from emotional distress. Conn. Gen. Stat. § 46a-104. Also, see e.g., Ragin v. Laidlaw Transit, Inc., No. 3:97 CV0024(GLG), 1999 U.S. Dist. LEXIS 16626 at *9-15 (D. Conn. 1999) (finding court has authority to award compensatory damages in CFEPA action, including for pain and suffering and emotional distress), (Ex. B); and Collier, 1999 Conn. Super LEXIS at *10-11 (finding CFEPA permits court to award punitive damages). If that is the case, then an entirely new area, not explored in discovery, needs to be addressed.

The deadline for all discovery to be completed (not just propounded) was March 1, 2004 (Scheduling Order dated December 1, 2003), except for discovery related to depositions of defendant's expert witnesses that must be completed by March 21, 2004. (Scheduling Order dated February 9, 2004). Defendant has no expert witnesses, so the discovery period formally closed March 1, 2004.

In a case involving emotional distress damages, defense counsel would normally issue written discovery designed to find out what, if any damages the plaintiff may have suffered, including the identity of any health care professionals or other counselors who may have information, any records of such meetings, and any other stressors in the plaintiffs life that might have caused or contributed to any claimed emotional distress. The deposition of the plaintiff would also have focused in part on these issues. Where emotional distress is at issue, depositions of family

members is certainly to be explored, and depositions of treating counselors, if any, would be normal. Finally, after evaluating what, if any, evidence the plaintiff had regarding emotional distress, the defendants may request an independent medical examination and may retain its own expert.

Proper preparation to defend a case involving emotional distress damages could well add several months, and undue additional expense to the discovery phase of this case, which is essentially closed. Such delay and additional expense would have been avoided had plaintiff either properly sought a release of jurisdiction from the CHRO initially, or sought to amend the complaint sometime earlier than the end of the discovery period.

Plaintiff has presented no legitimate reason why she did not do so, either in her papers or in conversations between her counsel and defense counsel. To the extent that plaintiff strategically opted to use the CHRO administrative process for the past several months, it is improper to then incorporate those claims in this action at this late date.

Rule 15(a) gives the court discretion to amend pleadings when justice so requires. Here, justice requires that the plaintiff's motion to amend her complaint be denied. If the Court permits plaintiff to amend her complaint, defendant will be unfairly prejudiced by plaintiff's willful delay, and plaintiff will be unjustly rewarded.

Defendant respectfully requests that plaintiff's motion be denied.

                                  DEFENDANT – DAY KIMBALL HOSPITAL

                                  By _____
                                     Scott E. Schaffer - ct25325

                                Murtha Cullina LLP
                                CityPlace I - 185 Asylum Street
                                Hartford, Connecticut  06103-3469
                                Telephone:  (860) 240-6000
                                Facsimile:  (860) 240-6150
                                Email:  sschaffer@murthalaw.com

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was mailed first-class, postage prepaid, on this 16th day of March 2004, to: Jacques J. Parenteau, Esq., Madsen, Prestley & Parenteau, LLC, 111 Huntington Street, P.O. Box 1631, New London, CT 06320 .

_____
Scott E. Schaffer - ct25325

717812