## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORRAINE M. CAISSE, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:03cv443 (MRK) |
| | : | |
| v. | : | |
| | : | |
| DAY KIMBALL HOSPITAL, | : | |
| | : | |
| Defendant. | : | |

## ENDORSEMENT ORDER [DOC. #25]

The Motion for a Stipulated Protective Order [doc. #25] is GRANTED in part with respect to all documents designated as "CONFIDENTIAL." Nevertheless, if either party wants to designate anything filed with the Court as confidential and place it under seal, that party will have to make a separate motion, specifying precisely what is to be kept under seal and demonstrating good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 579-99 (1978); *Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994).

In limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *Id.* at 27 (citation omitted). Moreover, ordinarily, a court must make that determination on the basis of a careful document-by-document review. A blanket sealing order such as that requested in Paragraph 6(a) would rarely, if ever, be appropriate. Until either party demonstrates the existence of an extraordinary circumstance or compelling need to seal from public view any specific document

filed in this case, this Court will not depart from its governing presumption of open access.

The Clerk is directed to docket the Stipulated Protective Order attached as Exhibit A to the

Motion for A Stipulated Protective Order [doc. #25].


IT IS SO ORDERED.


/s/ _____Mark R. Kravitz_____
United States District Judge


Dated at New Haven, Connecticut: April 1, 2004.