UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*********************************************

| | |
|---|---|
| LORRAINE M. CAISSE )  | |
| vs. ) | C.A. NO. 3:03CV443 (MRK) |
| DAY KIMBALL HOSPITAL ) | APRIL 1, 2004 |

*********************************************

## PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM OF LAW IN OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

The plaintiff hereby submits this Reply to the defendants' Memorandum of Law in Objection to Plaintiff's Motion to Amend Complaint. In support of their Objection, the defendants claim that the court should not allow the amendment to the complaint because: (1) the plaintiff unnecessarily delayed and did not amend the complaint prior to March of 2004; (2) the claims under the Connecticut Fair Employment Practices Act ("CFEPA") would require additional written discovery and depositions, the disclosure of expert witnesses, and a possible independent medical examination. These claims are simply not true, and therefore, without merit.

Consistent with statutory mandates, the plaintiff initially filed her claims under the CFEPA with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). During the CHRO proceedings, the plaintiff believed that her claims would be investigated by the CHRO. The plaintiff did not know at the time that as of early 2004, the CHRO would not have done so. In addition, the plaintiff believed that the CHRO process, which typically involves a fact-finding session, would create additional opportunities for settlement.

In addition, the defendants' claim that the amendment would require significant additional discovery, the disclosure of expert witnesses and a possible independent medical examination is simply not true. As the defendants must concede, the issues raised by the plaintiff's age discrimination claims under the ADEA, presently pending before the court, are nearly identical to the age claims under the CFEPA plaintiff seeks to amend to the Complaint. The *only* difference between the two is that while the CFEPA allows a successful litigant to recover emotional distress damages, the ADEA does not. The plaintiff has not consulted with any medical care provider or sought any treatment for the emotional distress she has suffered. Thus, the only additional discovery the defendants would possibly need to conduct is a brief deposition of the plaintiff with respect to her emotional injuries. The plaintiff will readily make herself available for this deposition. Since the plaintiff did not treat with any medical care provider for her emotional injuries, presumably, the defendants would not need to conduct any independent medical examination or retain an expert witness in connection with the claim for emotional injuries. Thus, the amendment sought by the plaintiff would not add "several months" to the time needed to prepare a defense to this case or add any "undue additional expense" to the discovery phase of this case, as the defendants' claim. Clearly, if the plaintiff is forced to file her claims under the CFEPA in state court, the defendants would still have to conduct the limited discovery with respect to the plaintiff's emotional injuries. The defendants would not, therefore, be prejudiced in any way by allowing the plaintiff to amend her complaint.

Finally, having an action in state court raising essentially the same issues that are presently before this court would not serve the interests of judicial economy. Rule 15(a) gives the court discretion to allow amendments to pleadings when justice so requires. In this case, justice requires that the plaintiff's motion to amend be granted.

PLAINTIFF
LORRAINE CAISSE

By: _____
Jacques J. Parenteau #09771
Madsen, Prestley & Parenteau, LLC
111 Huntington Street, P.O. Box 1631
New London, CT 06320
Telephone: (860)442-2466
E-Mail: jparenteau@mppjustice.com
Her Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on this 1st day of April, 2004:

Hugh Murray, Esq.
Scott E. Schaffer, Esq.
Murtha Cullina, LLP
CityPlace I – 185 Asylum Street
Hartford, CT 06103

_____
Jacques J. Parenteau

3