UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORRAINE M. CAISSE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 3:03CV0443 (MRK) |
| v. | : | |
| | : | |
| DAY KIMBALL HOSPITAL | : | |
| | : | |
| Defendant. | : | APRIL 23, 2004 |

ANSWERS TO SECOND AMENDED COMPLAINT

The defendant, Day Kimball Hospital, responds to the allegations of the plaintiff's Second Amended Complaint dated March 17, 2004 as follows:

Introduction

    1.    Admit, except Defendant denies any violation of ADEA or CFEPA.

Jurisdiction

    2.    Admit.

    3.    Admit.

    4.    Admit.

The Parties

    5.    Admit.

    6.    Admit.

    7.    Admit.

Background

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14, Deny the first sentence as stated. Admit that plaintiff and Mr. Denton had a discussion concerning her continuing to work and that plaintiff indicated that she would be continuing to work and had made arrangements for the care of her husband.

15. Deny.

16. Defendant admits Mr. Denton and Mrs. Caisse had a conversation regarding a telecommuting position, and that both believed it was a good idea.

17. Defendant denies the first two sentences of Paragraph 17. The arrangement was that Mrs. Caisse would work in the office when needed, but generally one day per week. Defendant admits the third sentence in Paragraph 17.

18. Admit, except deny the word "only" in the first sentence.

19. Defendant denies the first two sentences of Paragraph 19. As to the last sentence of Paragraph 19, Defendant is without knowledge or information sufficient to form a belief as to how Mrs. Caisse felt and leaves Plaintiff to her proof.

20. Defendant admits so much of the first sentence of Paragraph 20 as alleges: Mr. Denton would say things like "what are you doing here?" Defendant is without knowledge or information sufficient to form a belief about how Mrs. Caisse felt and leaves Plaintiff to her proof. Defendant admits so much of the second sentence as alleges: "In addition, although Mr. Denton had advised the Plaintiff that she would continue to have an office to conduct her work site duties" and that "her office was taken away" and that she would "meet with her clients and work at a desk near a photocopy machine." The remainder of Paragraph 20 is denied.

21. Defendant admits the first two sentences of Paragraph 21. As to the third sentence, Defendant admits that Ms. Gaucher's pay increase made her salary nearly equal to the Plaintiff's salary. Deny the remaining allegations.

22. Admit.

23. Admit.

24. Defendant admits the first sentence of Paragraph 24, but notes that the only "receptionist work" involved covering telephones or responding to persons who came to the DHR when other persons were out of the office, etc. The Coordinator position would not include design work relative to the pension plan or the wage and salary administration system, and it would not have any Joint Commission on the Accreditation of Health Care Organizations responsibility. Defendant denies the second sentence of Paragraph 24. Defendant admits the third sentence of Paragraph 24.

25.     Defendant admits the first sentence of Paragraph 25.  As to the first part of the second sentence in Paragraph 25, Defendant is without knowledge or sufficient information to form a belief about how Mrs. Caisse felt and leaves Plaintiff to her proof.  As to the remainder of the second sentence, Defendant admits Ms. Gaucher "had never done any pension work nor JCAHO reports that went to the Board of Directors" and denies the remaining allegations of the paragraph.

26.     Admit.

27.     Defendant admits the first sentence of Paragraph 27.  Defendant admits the second and third sentences of Paragraph 27, though not the precise language.  As to the last sentence of Paragraph 27, Defendant is without knowledge or sufficient information to form a belief about what Mrs. Caisse believed.  Defendant denies that Mr. Denton meant "a young person."

28.     Admit.

29.     Admit.

30.     As to the first sentence of Paragraph 30, Defendant admits that "at the time of the reorganization, the plaintiff had the most seniority in the Human Resources Department." Defendant denies the remaining allegations of Paragraph 30.

31.     Defendant admits Mrs. Caisse resigned on Oct. 15, 2002.  Defendant is without sufficient knowledge or information to form a belief about why Mrs. Caisse resigned and leaves Plaintiff to her proof.

32.     Admit.

    33.    Deny.

    34.    Deny.

Count One

    35.    Deny.

    36.    Deny.

Count Two

    35.    Deny.

    36.    Deny.

Count Three

    35.    Deny.

    36.    Deny.

Count Four

    35.    Deny.

## SPECIAL DEFENSES

    1.    Plaintiff has failed to mitigate her damages.

                    DEFENDANT - DAY KIMBALL HOSPITAL


By _____
     Scott E. Schaffer – ct25325

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, CT  06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
Email:  sschaffer@murthalaw.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Answers to the Second Amended Complaint was mailed first-class, postage prepaid, on this 23rd day of April, 2004 to:

Jacques J. Parenteau - ct09771
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
New London, CT  06320

                                                _____
                                                Scott E. Schaffer

723708